IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. HEARNE, C32689, | ) |
| Petitioner, | ) No. C 15-3437 CRB (PR) |
| vs. | ) ORDER TO SHOW CAUSE |
| RON DAVIS, Warden, | ) |
| Respondent. | ) |

Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the continued denial of parole from his indeterminate life sentence.

**BACKGROUND**

In 1981, petitioner was convicted of second-degree murder by a jury in San Francisco County Superior Court. The court sentenced him to 15 years to life in state prison.

Pursuant to California law, prison officials calculated petitioner's base term date as July 3, 1996; his minimum eligible parole date (MEPD) as October 14, 1990; and his maximum eligible parole date as May 24, 1994. But petitioner has been found not suitable for parole each time he has appeared before the Board of Parole Hearings.

In 2014, petitioner began seeking habeas relief in the state courts claiming that his continued confinement without parole is unlawful because his minimum and maximum parole eligibility dates passed years ago. The state courts denied petitioner relief, with the Supreme Court of California denying review of his state petition on October 1, 2014.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner claims that the failure to release him on parole after his minimum and maximum parole eligibility dates passed amounts to an excessive term of imprisonment amounting to cruel and unusual punishment in violation of the Eighth Amendment. Liberally construed, the claim appears arguably cognizable under § 2254 and merits an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally). But see Roberts v. Hartley, 640 F.3d 1042, 1047 (9th Cir. 2011) (recognizing that after Swarthout v. Cooke, 131 S. Ct. 859 (2011), the "responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts") (quoting Cooke, 131 S. Ct. at 862).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order

on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: Sept. 2, 2105

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.15\Hearne, W.15-3437.osc.wpd