IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. HEARNE, C32689,            )<br>                                                          )<br>           Petitioner,                         )<br>                                                          )<br>vs.                                                 )<br>                                                          )<br>RON DAVIS, Warden,                   )<br>                                                          )<br>           Respondent.                      )<br>_____) | No. C 15-3437 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Dkt. #5) |

       Petitioner, a prisoner at San Quentin State Prison serving a 15-years-to-life sentence for a 1981 second degree murder conviction, seeks a writ of habeas corpus under 28 U.S.C. § 2254 invalidating his continued incarceration without parole. Petitioner specifically claims that the failure to release him on parole after his minimum and maximum parole eligibility dates passed on October 14, 1990 and May 24, 1994, respectively, amounts to cruel and unusual punishment in violation of the Eighth Amendment.

       The instant petition for a writ of habeas corpus under § 2254 constitutes a second or successive petition because petitioner filed an earlier petition for a writ of habeas corpus under § 2254 challenging the failure to release him on parole after his minimum and maximum parole eligibility dates passed on the ground that it violated the Due Process Clause and said earlier petition was denied on the merits. See Hearns v. Cate, No. CIV S-09-00725 GEB DAD P, slip op. at 1-2 (E.D. Cal. Mar. 26, 2010) (order adopting magistrate judge's report and recommendation that petition be dismissed with prejudice for lack of merit).

1  A second or successive petition for a writ of habeas corpus may not be
2  filed in this court unless petitioner first obtains from the United States Court of
3  Appeals for the Ninth Circuit an order authorizing this court to consider the
4  petition.  See 28 U.S.C. § 2244(b)(3)(A).  Petitioner has not obtained such an
5  order from the Ninth Circuit.  The petition accordingly is DISMISSED without
6  prejudice to refiling if petitioner obtains the necessary order.
7  The clerk shall enter judgment in accordance with this order, terminate all
8  pending motions (including respondent's motion to dismiss, dkt. #5) as moot and
9  close the file.
10 SO ORDERED.
11 DATED:  Jan. 13, 2016    
12 CHARLES R. BREYER
   United States District Judge

G:\PRO-SE\CRB\HC.15\Hearne, W.15-3437.dismissal.wpd

2